**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID FINK,<br><br>                Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>                Respondent. | Case No. 2:25-cv-04727-SPG (RAO)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections may have been made.

      The Report recommends the denial of the Petition, in which Petitioner challenges a state board's parole denial, and the dismissal of the action with prejudice. (ECF No. 15). Petitioner's objections to the Report, (ECF No. 16), do not merit any change to any of the Report's findings or recommendations.

      Petitioner objects that he is entitled to proceed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. (ECF No. 16 at 2). On the contrary, § 2254 is the proper vehicle for a state prisoner, such as Petitioner, to challenge the denial of parole by a

state parole board. *See Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) ("Section 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." (internal quotation marks and citation omitted)), *overruled on other ground by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

Petitioner next argues that he can prevail under 28 U.S.C. § 2254. (ECF No. 16 at 2-4). Specifically, Petitioner objects that "mandatory" language in the parole rules requires that inmates "shall" be approved for parole if mitigating factors outweigh aggravating factors, such as in his case. (*Id*.). Such language alone, however, does not mandate that Petitioner be granted federal habeas relief. It merely evidences a state-created liberty interest in parole. *See Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989) ("Significant to the determination of whether parole or other early release statutes create such a protectable liberty interest is their use of mandatory language, including use of the commanding term 'shall.'" (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 377-81 (1987))). And if "a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam). The Court agrees with the Report that Petitioner received these procedures. Petitioner did not argue that he did not receive an opportunity to be heard or a statement of reasons for denying his request for parole, and the documents submitted with the Petition evidence that such procedures were provided. (ECF No. 15 at 4 (citing ECF No. 1 at 29-30)). Petitioner's related assertion that the mitigating and aggravating factors were misapplied, (ECF No. 16 at 3), is unavailing. It is "no part" of the business of federal courts "to reevaluate California's application of its rules for determining parole eligibility." *Roberts v. Hartley*, 640 F.3d 1042, 1047 (9th Cir. 2011).

Finally, Petitioner moves to disqualify the Magistrate Judge under 28 U.S.C. § 455, arguing that the Magistrate Judge is biased based on her recommendations in prior cases involving other prisoners. (ECF No. 16 at 4-6). Petitioner fails to demonstrate bias on this ground. To disqualify a judge for bias under 28 U.S.C. § 455, the movant must show that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studly*, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). This bias must ordinarily stem from an "extrajudicial source," and "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554-55 (1994); *see also United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias, even if they were erroneous."). In addition, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Petitioner identifies no extrajudicial source of bias or any evidence of deep-seated favoritism. Accordingly, the Court denies Petitioner's request to disqualify the Magistrate Judge.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition with prejudice.

DATED: October 7, 2025

SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE