UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID FINK,

Petitioner,

v.

KATHLEEN ALLISON,

Respondent.

Case No. 2:25-cv-04727-SPG (RAO)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [ECF NO. 28]**

## I. INTRODUCTION

Before the Court is the Report and Recommendation of United States Magistrate Judge Rozella Oliver, transmitted to this Court on October 30, 2026, and Petitioner David Fink's Objections thereto, filed on October 2, 2026. (R. & R., ECF No. 28; Obj., ECF No. 31.) The Report recommends the denial of Petitioner's Motion for Reconsideration. (R. & R. at 11.)

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report, Petitioner's objections, the Motion for Reconsideration, and the records on file. The Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. For the reasons discussed below, the Court overrules Petitioner's objections, accepts the Report, and denies Petitioner's Motion.

## II. BACKGROUND[1]

On October 7, 2025, the Court entered an order accepting the original Report and Recommendation of Magistrate Judge Oliver, which recommended the denial of Petitioner's petition for writ of habeas corpus, construed by Magistrate Judge Oliver as being brought pursuant to 28 U.S.C. § 2254. (Order Accepting R. & R., ECF No. 17.) On October 10, 2025, the Court entered Judgment, and it denied a certificate of appealability. (J., ECF No. 18; Order Denying Certificate of Appealability, ECF No. 19.)

On November 10, 2025, Petitioner moved for reconsideration under Federal Rule of Civil Procedure 60(b), seeking recusal of Magistrate Judge Oliver from this case based on alleged bias and arguing that Magistrate Judge Oliver had applied the wrong legal standard in her Report and Recommendation and had failed to consider certain of Petitioner's arguments. (Mot. at 1, ECF No. 20.)

On December 3, 2025, this Court determined Petitioner had not provided evidence of bias or otherwise identified any basis for reconsideration of the Court's prior orders finding no bias and denied Petitioner's request to recuse Magistrate Judge Oliver. (Order Denying Request for Recusal at 1, ECF No. 21.) The Court referred the remainder of the arguments in Petitioner's Motion to Magistrate Judge Oliver. (*Id.* at 2.)

After receiving briefing on the remainder of Petitioner's Motion, on September 15, 2026, Magistrate Judge Oliver issued the Report, recommending the denial of Petitioner's Motion. (R. & R. at 2.) The Report finds that Petitioner failed to establish he is entitled to relief under Rule 60(b) or Local Rule 7-18. (*Id.* at 11.) On October 2, 2026, Petitioner filed his objections to the Report. (Obj.) Thereafter, on October 30, 2026, the Report was forwarded to this Court.

---

[1] The Factual Background is set forth more fully in the Report. (*See* R. & R. at 2–3.)

## III. STANDARD OF REVIEW

As the Report makes clear, a motion for reconsideration is an "extraordinary remedy,. . . [which] 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Three legal standards generally govern motions for reconsideration in the Central District of California: Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 60(b), and Local Rule 7-18. In this case, Petitioner moved for reconsideration under Rule 60(b).[2]

Federal Rule of Civil Procedure 60(b) permits relief from final judgment, orders, or proceedings based on

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the Central District of California, Local Rule 7-18 also governs motions for reconsideration. *See* C.D. Cal. L.R. 7-18. Local Rule 7-18 provides, in relevant part, that a motion for reconsideration can be based on the following three grounds:

---

[2] Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufman v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)). As Petitioner did not file the Motion for Reconsideration pursuant to Rule 59(e), the Court declines to apply its standard to Petitioner's arguments.

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18.

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *OWLink Tech., Inc. v. Cypress Tech. Co., Ltd.*, No. 2:21-cv-00717-SPG-KES, 2023 WL 4291978 at *1 (C.D. Cal. Jan. 23, 2023) (quoting *Sams v. Cal. Dep't of Corr. & Rehab.*, No. 5:21-cv-00493-ODW-JDE, 2021 WL 6618626, at *3 (C.D. Cal. Aug. 19, 2021)). Pursuant to this Rule, no motion "may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." C.D. Cal. L.R. 7-18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols. Inc*, No. CV 12-6284 GAF (Ex), 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

## IV. ANALYSIS

Petitioner objects to the Report based on the following grounds: (1) *Swarthout v. Cooke* is the wrong legal standard to assess his Petition; (2) the Magistrate Judge improperly determined that Petitioner made no claim of bias or prejudice by the Parole Board under *Swarthout*; (3) the Magistrate Judge improperly converted his 28 U.S.C. § 2241 petition to a 28 U.S.C. § 2254 petition; and (4) the Magistrate Judge erroneously applied Federal Rule of Civil Procedure 60(b) to the Motion to reconsider because the Magistrate Judge is biased. For the following reasons, the

Court finds that none of these arguments warrant denying the Report or ordering reconsideration.

**A. Objection to Legal Standard**

First, Petitioner objects to the Report, arguing pursuant to Rule 60(b), that Magistrate Judge Oliver applied the wrong legal standard from *Swarthout v. Cooke*, 562 U.S. 216 (2011) (per curiam) to determine his fabrication of evidence claim. (Obj. at 8.) Petitioner claims that, "[u]nlike the discretionary parole procedures in *Swarthout*," in his case, in light of Proposition 57, "California promulgated a non-discretionary parole that mandates release if 12 specific mitigating factors outweigh 12 specific aggravating ones." (*Id*. at 1.) Petitioner argues that *Swarthout* "does not apply to an entirely different set of parole procedures." (*Id*. at 3.) Further, Petitioner argues that, even if *Swarthout* did apply, the written decision issued by the California Board of Parole Hearings (the "Board") violated the due process protections he was owed. (*Id.*)

The Court overrules this objection. In *Swarthout*, the Supreme Court considered habeas claims that two California state prisoners' right to federal due process were violated by the denials of parole to the petitioners, based on the decision makers' applications of California's requirement that there be "some evidence" of the inmates' lack of suitability for parole because the inmates are currently dangerous. *Swarthout*, 562 U.S. at 219. The Supreme Court explained that federal due process requires "fair procedures" for vindication of a state-created liberty interest but, in the context of parole release, the "fair procedures" requirement consists of an opportunity to be heard and a statement of reasons why parole was being denied. *Id.* at 220. The court emphasized that "federal habeas corpus relief does not lie for errors of state law," and the federal Due Process Clause does not require correct application of the state's "some evidence" standard. *Id.* at 219.

Although Petitioner appears to argue that the state-created liberty interest at issue here is the interest in receiving parole pursuant to the procedures promulgated

by Proposition 57 and not the parole statute at issue in *Swarthout*, the "minimal" procedures required by the federal Due Process Clause do not change. *See id.* ("[I]n the context of parole, we have held that the procedures required are minimal."). Petitioner's emphasis on the "non-discretionary" nature of Proposition 57 appears aimed at the Report's distinction between parole release and parole revocation. (R. & R. at 7–8.) Specifically, because the Report characterized *Swarthout* as applicable to "discretionary" parole release determinations, (*id.*), Petitioner argues that parole release pursuant to Proposition 57 is "non-discretionary," (Obj. at 1). The Court, however, disagrees with Petitioner. As the Los Angeles County Superior Court previously explained to Petitioner, his argument "is incorrect as certain nonviolent offenders are only entitled to early parole consideration under Proposition 57, which may not necessarily result in early release on parole." (Pet. Ex. G at 52, ECF No. 1.) Whether Petitioner should have received early release on parole was therefore a decision committed to the discretion of the Board. *See In re Ilasa*, 3 Cal. App. 5th 489, 499 (2016) ("By its nature, the determination whether a prisoner should be released on parole is generally regarded as an executive branch decision. The decision, and the discretion implicit in it, are expressly committed to the executive branch." (quoting *In re Lugo*, 164 Cal. App. 4th 1522, 1537 (2008))). Accordingly, the "minimal" procedures applicable to state parole decisions under the federal Due Process Clause do not change and are applicable. *See Swarthout*, 562 U.S. at 220. Because the Court did not err in applying *Swarthout*, the Court agrees with the Report's finding that reconsideration is not warranted on this ground.

The Court also finds that Petitioner's argument that the Board's written decision violated *Swarthout* does not merit reconsideration. Petitioner appears to argue that he was denied the procedural protections required by *Swarthout* because the Board failed to expressly consider two mitigating factors, namely, that Petitioner did not personally use a deadly weapon during the crime and that no victim suffered physical injury or threat. (Obj. at 2.) As the Los Angeles County Superior Court

previously explained to Petitioner, however, "'factors are set forth as general guidelines,' and 'the importance attached to any factor or combination of factors in a particular case is left to the judgment of the hearing officer.'" (Pet. Ex. G at 54 (quoting Cal. Code. Regs., tit. 15 § 2449.5, subd. (a)).) "The Board was not required to list every factor listed in section 2449.5 and to discuss whether it was applicable, not applicable, given much or any weight, etc." (Pet. Ex. G. at 54.) Instead, "the Board focused on the most relevant aggravating factor (that the conviction involved large-scale criminal activity)." (*Id.*) Specifically, the Board determined that Petitioner "manipulated the civil judgment process throughout the State of California, fraudulently cashing in approximately $762,072.45 in civil judgment funds." (Pet. Ex. A at 16, ECF No. 1.) The scheme "had over 200 victims." (*Id.* at 17.) It was therefore within the Board's discretion to find that Petitioner posed an unreasonable risk of significant criminal activity, even if his crimes did not involve any physical violence. *See* Cal. Code. Regs., tit. 15 § 2449.5, subd. (a) (The Board may determine whether the inmate poses an "unreasonable risk of violence *or* a current, unreasonable risk of significant criminal activity") (emphasis added). Moreover, even if the Board's failure to expressly consider certain mitigating factors violated state law, a "'mere error of state law' is not denial of due process." *Swarthout*, 562 U.S. at 222 (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)). From the Court's review, Petitioner's objection does not merit a different result.

Similarly, Petitioner's argument that the Board failed to properly consider the fact that his previous conviction occurred in 1993 does not support a failure of due process or otherwise warrant reconsideration. (*See* Obj. at 2.) As the Los Angeles County Superior Court previously explained to Petitioner, "the importance attached to any factor or combination of factors in a particular case is left to the judgment of the hearing officer." (Pet. Ex. G. at 55.) "[G]iven the increasing severity of [Petitioner's] convictions, leading to the commitment offenses, [the Board] ultimately concluded that the aggravating factors outweighed the mitigating factors."

(*Id.*) Petitioner's convictions began in 1983 and included offenses such as burglary, robbery with use of a firearm, perjury, burglary with explosives, identity theft, possession of a driver's license to commit forgery, and failure to appear on a felony charge. (Pet. Ex. A at 17.) Petitioner also "faked his death" in 2010 in Arizona while criminal charges against him were pending and then fled to Idaho to continue his criminal activity. (*Id.* at 18.) The Board's consideration of these factors in its denial of parole is sufficient to satisfy the requirements of federal due process under *Swarthout.*

Because this Objection fails to show that this Court committed a clear error in applying *Swarthout*, or any other reason that justifies relief under Rule 60(b), the Court overrules this Objection.

**B. Objection to the Report's Finding of No Bias Claim**

Second, Petitioner objects to the Report's finding that "Petitioner makes no claim of bias or prejudice by the parole board that considered his parole application, nor is there any basis in the record for concluding that Petitioner did not receive a hearing before a neutral and detached hearing body." (*See* Obj. at 4–5; *see also* R. & R. at 6.) Petitioner reiterates his objection that *Swarthout* does not apply, claiming instead that "[a] parole agent's fabrication of evidence violates substantive due process." (Obj. at 4.) The allegation appears to arise from Petitioner's allegation in the Petition that parole officials with the California Department of Corrections and Rehabilitation have been "cooking the books." (Pet. Ex. H. at 65, 67, ECF No. 1.)

For the reasons explained above, the Court finds that *Swarthout*, not *Morrissey*, governs Petitioner's fabrication of evidence claim. As the Report explains, inmates are still entitled to have their application for parole considered by officials who are neutral, unbiased, and disinterested. (R. & R. at 5–6 (discussing *O'Bremski v. Maass*, 915 F.2d 418, 422 (9th Cir. 1990)). Nevertheless, Petitioner's claim that parole officials were "cooking the books" merely appears to be Petitioner's characterization of how the evidence of his circumstances was considered by the

Board before issuing its adverse parole decision. (*See* Pet. Ex. H. at 65–67.) As stated previously, federal courts cannot consider whether "some evidence" supported a state parole board's denial of parole. *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011) (discussing *Swarthout*). Moreover, the Report has explained that due process afforded in parole decisions "does not include a result supported by the evidence." (R. & R. at 7 (quoting *Birdwell v. Clarizo*, No. EDCV 19-1928-AG (KS), 2019 WL 7865195, at *6 (C.D. Cal. Dec. 20, 2019)).) Because this Objection fails to show a clear error in applying *Swarthout* or in determining that no material facts support Petitioner's claim that the parole board was biased or prejudiced, or to otherwise provide any other reason that justifies relief under Rule 60(b), the Court overrules this Objection.

**C. Objection to the 28 U.S.C. § 2254 Petition**

Petitioner also objects that he should have been permitted to proceed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. (Obj. at 5.) The Ninth Circuit has held that § 2254 is "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010); *see also Montue v. Dep't of Corr.*, 279 F. App'x 506, 507 (9th Cir. 2008) (Mem.) (challenge to denial of parole brought in a § 2241 petition properly dismissed because "such a challenge is only properly brought in a []§ 2254 petition."). As the Court previously explained to Petitioner, his Petition is therefore properly brought under § 2254 because he is a state prisoner. (R. & R. at 10 (citing Order Accepting R & R at 1–2).) Accordingly, the Court overrules this objection because it does not show clear error or otherwise provide a basis for reconsideration.

**D. Objection to the Magistrate Judge's Purported Bias**

Finally, Petitioner objects that, under Federal Rule of Civil Procedure 60(b), the wrong legal standard was applied in denying his Petition because Magistrate Judge Oliver is biased. (Obj. at 6–7.) As the Court pointed out in its Order Denying Request for Recusal, "[t]he Court has previously rejected Petitioner's arguments as to Judge Oliver's alleged bias on multiple occasions." (Order Denying Request for Recusal at 1.) "Petitioner has provided no new evidence of bias or otherwise identified any basis for reconsideration of the Court's prior orders." (*Id.*) For the same reasons previously stated by the Court, Petitioner has shown no basis for relief under Rule 60(b) on this ground.

**ORDER**

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) the Motion for Reconsideration is denied.

DATED: November 23, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE